1

2

3

4

5                   UNITED STATES DISTRICT COURT

6                  NORTHERN DISTRICT OF CALIFORNIA

7

8    ERIC STEVEN ANDERSON,                    No. C-14-4663 EMC (pr)

9              Plaintiff,

10         v.                                 **ORDER OF DISMISSAL**

11   JOANNA McKIM; *et al.*,

12             Defendants.

13   _____/

14

15                   **I.    INTRODUCTION**

16         Eric Anderson, an inmate on death row at San Quentin State Prison, filed this *pro se*

17   prisoner's civil rights action under 42 U.S.C. § 1983.  His complaint is now before the Court for

18   review under 28 U.S.C. § 1915A.

19                   **II.    BACKGROUND**

20         This case concerns the alleged delays and other problems in the state court review

21   proceedings following the imposition of a sentence of death for Mr. Anderson.  The docket for Mr.

22   Anderson's automatic appeal, *People v. Anderson (Eric Steve),* Cal. S. Ct. No. S138474, provides

23   the following information about his case: The judgment of death was entered in October 2005;

24   appellate counsel was appointed in April 2009; the 10,000+ page record on appeal was filed in June

25   2011; after numerous extensions of the deadline, the appellant's 234-page opening brief was filed in

26   November 2013; respondent has received several extensions of the deadline to file the respondent's

27   brief, with the current deadline for the respondent's brief being April 3, 2015.  (The docket

28

1   information was obtained from www.appellatecases.courtinfo.ca.gov (last visited February 11,

2   2015).)

3          Mr. Anderson's claims in this Court fit into two categories.  First, he sues California

4   Supreme Court Chief Justice Tani Cantil-Sakauye regarding the California Supreme Court's policies

5   for death penalty cases.  He alleges that the policies, such as the policy that habeas counsel will not

6   be appointed and a habeas petition may not be filed until after the appellant's opening brief has been

7   filed, and the policy not to entertain *pro per* motions from appellants represented by counsel –

8   violate his federal constitutional rights.  Mr. Anderson seeks an injunction and declaratory relief

9   against California Supreme Court Chief Justice Tani Cantil-Sakauye for the violation of his rights in

10  the policies that apply to death penalty cases.

11         Second, Mr. Anderson complains about the handling of his appeal by his appointed appellate

12  counsel as well as persons at the California Appellate Project ("CAP") who play a role in assisting

13  and guiding the representation of indigent death row inmates.  He speculates that there is a written

14  agreement between CAP and his attorney – an agreement that he has not seen and the terms of which

15  he does not know – that must work to his disadvantage.  *See id.* at 13-14.  He claims that there are

16  problems with the appellant's opening brief filed on his behalf because counsel failed to argue

17  certain issues and "failed to raise other issues correctly," *id.* at 19-22.  His appellate counsel and the

18  CAP defendants refuse to fix the problems with the appellant's opening brief even though Mr.

19  Anderson has brought those problems to their attention.

20         Mr. Anderson requests the following relief: (a) an injunction against the operation of illegal

21  policies; (b) an injunction compelling the removal of CAP from any involvement in his case; (c) an

22  investigation of CAP employees and his attorney for violations of criminal law; (d) damages against

23  the CAP defendants and his appointed appellate counsel; and (e) damages for the loss of his liberty

24  since his appeal began.  *See id.* at 23-24.

25         The Court notes that Mr. Anderson's challenge to the delays and other procedural problems

26  in the California capital appeal process is similar to unsuccessful challenges filed by other death row

27  inmates.  *See, e.g., Theodore Shove v. Brown*, N. D. Cal. Case No. C 12-211 RMW (dismissed for

28  failure to state a claim), *appeal rejected in In re. Shove*, Ninth Cir. No. 96-80069 ("Because the

appeal is so insubstantial as to not warrant further review, it shall not be permitted to proceed"); *Duff v. Brown*, N. D. Cal. Case No. C 12-529 EMC (dismissed for failure to state a claim and for *Younger* abstention), *affirmed on appeal in Duff v. Brown*, Ninth Cir. No. 13-16511 (denying pauper status because "appeal is frivolous," and later dismissing appeal for failure to prosecute when plaintiff failed to pay the filing fees and show cause why the judgment should not be summarily affirmed); *Paul Bolin v. Brown*, E. D. Cal. Case No. 12-cv-077 LJO GSA PC (dismissed under *Younger* abstention and *Heck*, and for failure to state a claim), *affirmed on appeal in Bolin v. Brown*, Ninth Cir. No. 12-17079; *Richard Vieira v. Brown*, E. D. Cal. Case No. 12-cv-0044-AWI-MJS (dismissed for failure to state a claim and pursuant to *Younger* and *Heck*), *affirmed on appeal in Vieira v. Schwarzenegger*, Ninth Cir. No. 12-17501 (denying pauper status because "appeal is frivolous," and later dismissing appeal for failure to prosecute when plaintiff failed to pay the filing fees and show cause why the judgment should not be summarily affirmed); *Spencer Brasure v. Brown*, C. D. Cal. Case No. 12-CV-1027-UA-DUTY (denying in forma pauperis application because the court lacked jurisdiction; the complaint was frivolous, malicious or failed to state a claim; and the complaint sought monetary relief from a defendant immune from such relief), *affirmed on appeal in Brasure v. Brown*, Ninth Cir. No. 12-55743 (denying pauper status because "appeal is frivolous," and later dismissing appeal for failure to prosecute when plaintiff failed to pay the filing fees and show cause why the judgment should not be summarily affirmed).

### III.   DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was

1  committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48

2  (1988).

3       The complaint fails to state a claim under § 1983 against Mr. Anderson's appellate attorney

4  and the CAP defendants aiding her (collectively, "the appellate team") because they are not state

5  actors. State court criminal defendants cannot sue their lawyers in federal court for most lawyer-

6  type mistakes. A public defender does not act under color of state law, an essential element of an

7  action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering

8  pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments.

9  *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *cf. Vermont v. Brillon*, 556 U.S. 81, 84 (2009)

10  (state court erred in ranking assigned counsel essentially as state actors for purposes of evaluating

11  speedy trial claim). A private attorney representing a defendant or appellant also is not a state actor.

12  *See generally Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

13  Conclusory allegations of conspiracy, such as exist in Mr. Anderson's complaint, do not suffice to

14  transform the appellate team's actions into state action. *See id.* Mr. Anderson's allegations against

15  his appellate counsel and the CAP defendants for deficient representation in the capital appeal fall

16  squarely within the scope of work that *Polk County* has determined is not actionable under § 1983.

17  The claims for the alleged errors and inadequacies in the presentation of the appeal are dismissed.

18  Leave to amend will not be granted because, even if Mr. Anderson could adequately plead a

19  conspiracy and state action, the claims against his appellate counsel and the CAP defendants would

20  have to be dismissed under the *Heck* rule discussed in the next paragraph.

21       The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil

22  rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by

23  actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or

24  sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence

25  may be determined to be wrongful by, for example, being reversed on appeal or being set aside

26  when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a

27  person from bringing an action that – even if it does not directly challenge the conviction or other

28  decision – would imply that the conviction or other decision was invalid. The practical importance

of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to actions that sought equitable relief as well as damages.  If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

The *Heck* rule bars Mr. Anderson's § 1983 claims that his constitutional rights are being violated by the California Supreme Court's delays and policies for review of his conviction and sentence of death because he contends those delays and policies are causing a deprivation of his liberty, implying that success on his claims would call into question the validity of his conviction and/or sentence.  *See, e.g.,* Docket # 1 at 12 ("These delays cause harm to my case, as well as damaging my liberty").  The *Heck* rule also bars his § 1983 claims against his appellate attorney and the CAP persons assisting her in the presentation of the appeal because success on those claims would call into question the validity of the conviction or sentence.  *See generally Smith v. Robbins*, 528 U.S. 259, 285 (2000) (ineffective assistance of appellate counsel claim requires showing of deficient performance and prejudice, i.e., but for counsel's failure "he would have prevailed on his appeal").

A few of Mr. Anderson's claims have additional problems.  Mr. Anderson's claim that the California Supreme Court's policy that defers habeas consideration until after the appellant's opening brief is filed amounts to a suspension of the writ of habeas corpus in violation of the federal constitution is dismissed for the additional reason that the Suspension Clause[1] does not apply to the states.  *See Gascquet v. Lapeyer*, 242 U.S. 367, 369 (1917). Mr. Anderson's request to have his attorney and CAP employees investigated for a violation of criminal law must be rejected because he has no protected interest in the prosecution of another.  *See  Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or

---

[1] "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."  U.S. Const. art. I, § 9.

1    nonprosecution of another"); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir.

2    1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Sattler v.*

3    *Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to

4    have another criminally prosecuted).

5           A longstanding abstention doctrine provides an alternative reason for dismissal.  Under

6    principles of comity and federalism, a federal court should not interfere with ongoing state criminal

7    proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  *See*

8    *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).  The rationale of *Younger* applies throughout

9    appellate proceedings, requiring that state appellate review of a state court judgment be exhausted

10   before federal court intervention is permitted.  *See Dubinka v. Judges of the Superior Court*, 23 F.3d

11   218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state

12   court proceedings still considered pending).  Requests for declaratory relief that would interfere with

13   ongoing state criminal proceedings are subject to the same restrictions that govern requests for

14   injunctive relief.  *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v. Ledesma*, 401 U.S.

15   82, 86 n. 2 (1971).

16          *Younger* requires that federal courts refrain from enjoining or otherwise interfering with

17   ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are

18   ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has the

19   opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex*

20   *County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982); *Dubinka*, 23 F.3d at

21   223.  Here, all three prongs of the abstention test are met.  First, Mr. Anderson's appeal is ongoing

22   in the California Supreme Court.  Second, the appeal unquestionably involves important state

23   interests.  *See Massie v. Sumner*, 624 F.2d 72 (9th Cir. 1980) (acknowledging California's interest in

24   ensuring the fairness of its capital convictions through the automatic appeal process); *see also Kelly*

25   *v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice

26   systems free from federal interference is one of the most powerful of the considerations that should

27   influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44-45).  Third,

28   Mr. Anderson can present his appellate and habeas delay claims to the California Supreme Court

6

when it considers his appeal and/or his state habeas petition – California courts have considered appellate delay claims on their merits. *See, e.g., People v. Holt*, 15 Cal. 4th 619, 708–09 (Cal. 1997) (addressing claim that three-year delay in appointment of counsel for automatic appeal violated due process); *People v. Horton*, 11 Cal.4th 1068, 1141 (Cal. 1995) (addressing claim that eight-year delay in certification of record on appeal violated due process), as modified on denial of rehearing, 12 Cal.4th 783.

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975); *Younger*, 401 U.S. at 46. Here, Mr. Anderson does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The *Younger* factors weigh strongly against interfering with the appeal process. *Younger* abstention is warranted. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds Younger abstention appropriate, the court may not retain jurisdiction and should dismiss the action). The action must be dismissed.

## IV.   CONCLUSION

This action is dismissed because the complaint fails to state a § 1983 claim against Mr. Anderson's appellate team and his claims are barred by the *Heck* rule. In the alternative, this action is dismissed because *Younger* abstention is warranted. Leave to amend to file an amended complaint is not granted because it would be futile. The Clerk shall close the file.

IT IS SO ORDERED.


Dated: February 23, 2015

_____
EDWARD M. CHEN
United States District Judge